# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **WILLIAM R. ROCKEL, JR.,** | : |
| Plaintiff, | : |
| v. | : Civil Action No. 7:08-cv-144 (HL) |
| **TIM WATKINS, individually, and** in his official capacity as a Deputy Sheriff, and **R. CARLTON POWELL,** in his capacity as Thomas County Sheriff, | : |
| Defendants. | : |

## ORDER

Pending before the Court is Plaintiff William R. Rockel, Jr.'s Amended Motion for Leave to File Second Amended Complaint (Doc. 25). Defendants Tim Watkins and R. Carlton Powell have no objection to Plaintiff's Amended Motion.

Under Federal Rule of Civil Procedure 15(a), "[a] party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." The decision on whether to grant a motion to amend is within the sound discretion of the trial court. Addington v. Farmer's Elevator Mut. Ins. Co., 650 F.2d 663, 666 (5th Cir. July 13, 1981).[1] "In making this determination, a court should consider whether there has been undue delay in filing, bad faith or dilatory motives,

---

[1] The Eleventh Circuit has adopted as binding precedent all decisions issued by the former Fifth Circuit prior to October 1, 1981. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

prejudice to the opposing parties, and the futility of the amendment." <u>United Ass'n of Journeymen and Apprentices of the Plumbing and Pipefitting Ind. v. Georgia Power Co.</u>, 684 F.2d 721, 724 (11th Cir.1982) (quotation omitted).  Upon consideration of these factors, the Court **GRANTS** Plaintiff's Amended Motion for Leave (Doc. 25), and adopts Plaintiff's Second Ammended [sic] and Recast Complaint (Doc. 25-2) as the live complaint in this case.

Defendant Watkins previously filed a Motion to Dismiss (Doc. 4), which is still pending before the Court.  In his Response to Plaintiff's Amended Motion for Leave (Doc. 26), Defendant Watkins states that if Plaintiff's Amended Motion is granted, he will withdraw his Motion to Dismiss and reassert those arguments in a dispositive motion to be filed at a later date.  In light of the Court's ruling, Defendant Watkins is directed to **WITHDRAW** his Motion to Dismiss.  As set out in the Scheduling and Discovery Order entered on January 13, 2009, Defendants shall have until August 26, 2009 to file any dispositive motions.

**SO ORDERED**, this the 14th day of May, 2009.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh